**MEI JING ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General \*, Respondent.**

No. 07–3504–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; M. Jocelyn Lopez Wright, Asst. Director; Mona Maria Yousif, Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Jing Zheng, a native and citizen of the People's Republic of China, seeks review of a July 27, 2007 order of the BIA, which denied her motion to reopen. *In re Mei Jing Zheng*, No. A077 292 811 (B.I.A. July 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Zheng's motion to reopen. Zheng argues that the BIA erred by finding that she failed to demonstrate her *prima facie* eligibility for relief from removal. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Zheng submitted and have found no error in its conclusion that such evidence is insufficient to establish a reasonable possibility of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

We decline to consider Zheng's additional arguments because, contrary to her contention, the BIA did not rely on her failure to demonstrate changed country conditions in denying her motion to reopen. Rather, as it is permitted to do, it denied her motion to reopen based on her failure to demonstrate her *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).